UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARRIE M. HALL,

        Plaintiff,

v.

DOUGLAS COLE *et al*.,

        Defendants.

Case No. C08-5131RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**

**July 25, 2008**

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant's motion to dismiss (Dkt # 22). Plaintiff has not responded. Having reviewed the complaint, the motion, the response, and the remainder of the file, the court concludes this motion should be **GRANTED IN PART AND DENIED IN PART**.

## FACTS

      Plaintiff alleges that on October 19, 2007, while she was in full restraints, cuffed to a waist chain and in leg shackles, Correctional Officer Myles Schneider slapped her face (Dkt. # 6). Plaintiff further alleges Officer Schneider then asked the other officer escorting her, Officer Wrinkle, "did he see anything." Officer Wrinkle allegedly answered "nope." Sergeant Willie Cobb, was then called to the area. Sergeant Cobb allegedly asked Officer Wrinkle if he had seen anything, and again Officer Wrinkle denied seeing Officer Schneider slap plaintiff.

REPORT AND RECOMMENDATION
Page - 1

Plaintiff alleges she filed a grievance and she received a response, signed by Superintendent Cole. The response stated that Captain Green had fully investigated the matter, including interviewing her, and her allegations could not be substantiated. Plaintiff alleges she appealed the response, as she had never spoken with Captain Green. The grievance was returned for further investigation, but when Captain Green attempted to interview her, she refused to be interviewed. The grievance was then administratively withdrawn.

Plaintiff names as defendants Superintendent Cole, Captain Green, Grievance Coordinator Monique Campos, Sergeant Willie Cobb, and Correctional Officers Schneider and Wrinkle. All defendants except Correctional Officer Wrinkle have been served. The five served defendants move to dismiss.

The motion to dismiss is somewhat confusing. Defendants set forth the standard that would apply if they were arguing for dismissal for failure to exhaust administrative remedies (Dkt # 22, page 2). The complaint shows plaintiff refused to be interviewed by Captain Green when the grievance was remanded. The grievance was then administratively withdrawn. However, defendants, do not raise the affirmative defense of failure to exhaust administrative remedies in their motion. Instead, defendants move to dismiss and argue, failure to state a claim, lack of personal participation, and qualified immunity (Dkt # 22).

### STANDARD OF REVIEW

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

### DISCUSSION

1. Failure to state a claim.

A. Eighth Amendment Claim.

The use of excessive force by a law enforcement officer states a valid claim under 42 U.S.C. § 1983. The threshold inquiry for such a claim is whether the force was applied in a good faith effort to

maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Graham v. Connor, 490 U .S. 386, 397 (1989).

There are two components to an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. 825 (1994). The first component is that the injury is serious enough to qualify as an Eighth Amendment violation. Here, the court does not have enough information to determine what, if any, injury the plaintiff suffered. A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). Plaintiff's claim survives at this stage of the proceedings.

The second component is whether the defendant harbored an improper state of mind. The facts alleged in the compliant are assumed to be true at the 12 (b) (6) stage. Plaintiff alleges she was in full restraints. The documentation submitted with the complaint alludes to plaintiff being verbally abusive to Officer Schneider (Dkt. # 6). A logical inference is that the alleged slap to the face was in response to her verbal abuse. In moving for dismissal the defendants argue:

> The Plaintiff alleges that her Eighth Amendment rights were violated when Defendant Schneider slapped her. She also claims that the other individuals violated her rights because of the investigation into the incident. She states that there were two officers present when she was allegedly slapped and that [the other] officer stated he did not see any such event occur. She has provided the evidence in her Complaint to show that the event did not occur and her rights were not violated.

(Dkt. # 22, page 5). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). Construing the facts in plaintiff's favor, the clear implication is that Officer Wrinkle was less than truthful when he denied seeing Officer Schneider slap plaintiff. This claim survives at the motion to dismiss stage.

B.   Fourteenth Amendment claim.

The Due Process clause of the Fourteenth Amendments provides that no person shall be deprived of life, liberty or property without due process of law. In analyzing a procedural due process claim, a court must first determine whether the claimant has been deprived of a liberty or property interest protected by the Constitution; if so, the court must determine whether the procedures attendant upon that deprivation

1  were constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454 (1989

2  Plaintiff names every person who had any part in the grievance process as defendants. She claims a violation of her Fourteenth Amendment right to due process. The United States Constitution does not mandate that prison officials allow the filing of grievances or that a prison have a grievance system. Mann v. Adams, 855 F.2d 639 (9th Cir. 1988). Thus, plaintiff has no liberty interest at stake and the Fourteenth Amendment claim fails.

Further, there is no allegation any of these persons played any part in the alleged assault, none of the defendants, except Officer Schneider are properly defendants in this action.

Finally, plaintiff admits she refused to allow Captain Green to interview her. Thus, defendants made a remedy available to plaintiff that would have given her an opportunity to be heard. Notice and an opportunity to be heard may be all that is needed to give Due Process. Thus, even if there were a liberty interest at stake, plaintiff would fail to state a claim. This issue should be dismissed at the 12 (b)(6) stage.

2. Personal Participation.

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

A. Eighth amendment claim.

Plaintiff alleges Officer Schneider slapped her face. She does not allege any other person was involved in the assault. Alleged conduct by others, after the fact, does not state a claim against them. The only proper defendant on this claim is Officer Schneider.

B. Fourteenth Amendment claim.

All remaining defendants are implicated in the Fourteenth Amendment claim, however, as discussed above the claim is without merit. The only proper defendant to this action is Officer Schneider.

3.     Qualified immunity.

The court considers this defense as to the Eighth Amendment claim.  Prison officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The court must first consider is the law was clearly established.  The second prong the court must consider is if a reasonable person would have known their actions violated clearly established law.  Somers v. Thurman, 109 F.3d 614, 617 (9th Cir. 1997), cert. denied, 522 U.S. 852 (1997).

The threshold inquiry for an Eighth Amendment excessive force claim is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992).  Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Here, plaintiff alleges she was in full restraints and there is no allegation she was any physical threat.  To slap her face because of alleged verbal abuse would not serve any legitimate penological goal.  Qualified immunity is not available under this set of facts.

Further, under the second prong, no reasonable Corrections Officer would believe it proper to slap or hit a restrained inmate for verbal abuse absent some perceived physical threat.

## CONCLUSION

The only proper defendant in this action is the Officer who allegedly slapped plaintiff's face while she was in full restraints, Myles Schneider.  The only claim that survives is plaintiff's Eighth Amendment Claim.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 25, 2008**, as noted in the caption.

DATED this 25 day of June, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge