UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARRIE M. HALL,

        Plaintiff,

v.

DOUGLAS COLE *et al*.,

        Defendants.

Case No. C08-5131RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**

**November 28, 2008**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant Schneider's motion to dismiss (Dkt # 28). Despite being given a one month extension of time, Plaintiff has not responded. (Dkt. # 32). Plaintiff did request a second extension of time, (Dkt. # 34). That motion was denied as plaintiff did not show good cause for an additional extension of time. Further, her motion was denied as it was not served on opposing counsel. Having reviewed the complaint, the motion to dismiss, and the remainder of the file, the court concludes this motion should be **GRANTED** and this action **DISMISSED WITHOUT PREJUDICE.**

FACTS

Plaintiff alleges that on October 19, 2007, while she was in full restraints, cuffed to a waist chain

REPORT AND RECOMMENDATION
Page - 1

and in leg shackles, Correctional Officer Schneider slapped her face (Dkt. # 6). Plaintiff further alleges Officer Schneider then asked the other officer escorting her, Officer Wrinkle, "did he see anything." Officer Wrinkle allegedly answered "nope." Sergeant Willie Cobb, was then called to the area. Sergeant Cobb allegedly asked Officer Wrinkle if he had seen anything, and again Officer Wrinkle denied seeing Officer Schneider slap plaintiff.

Plaintiff filed a grievance, but ultimately refused to be interviewed by prison officials. The grievance was then administratively withdrawn (Dkt. # 28, Exhibit 1, Attachment A and B).

## STANDARD OF REVIEW

A motion to dismiss for failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citations omitted). When dismissal is based on failure to exhaust administrative remedies, the dismissal should be without prejudice. Wyatt, 315 F.3d at 1120. The court may look beyond the pleadings to determine the jurisdictional question of exhaustion.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to her. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

| | |
|---|---|
| 1 | Plaintiff did not pursue her grievance and refused to be interviewed.  The grievance was then |
| 2 | administratively withdrawn.  This action should be **DISMISSED WITHOUT PREJUDICE** |
| 3 | CONCLUSION |

Plaintiff did not pursue her grievance and refused to be interviewed. The grievance was then administratively withdrawn. This action should be **DISMISSED WITHOUT PREJUDICE**

## CONCLUSION

Plaintiff failed to exhaust her administrative remedies. This action should be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 28, 2008**, as noted in the caption.

DATED this 12 day of November, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3